## STATE OF FLORIDA v CARTY
### Case No. 84-318-AC
Eleventh Judicial Circuit, Appellate Division, Dade County

October 15, 1985

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Mark J. Berkowitz,** Assistant Attorney General, for appellant.

**Bernard Braverman** for appellee.

Before SALMON, LEVY and FULLER, JJ.

### OPINION OF THE COURT

LEVY, J.

The Appellant, the State of Florida, seeks review and reversal of the December 21, 1984 Order entered by the trial court which granted Appellee's (the Defendant below) Motion to Dismiss. The Appellee was charged with driving under the influence of alcoholic beverages on June 15, 1984. He was arrested on July 18, 1984. At that time, a plea of not guilty was entered on behalf of the Appellee.

The case was scheduled for trial on September 5, 1984. On that date, the State requested and obtained an extension of the "speedy trial period" until October 3, 1984, due to the illness of one of its material witnesses.

On October 3, 1984, the case again came on for trial and the "speedy trial period" was again extended, this time until November 14, 1984, due to the continuing unavailability of the same witness.

On November 14, 1984 the case came up for trial. Although the same material witness was still unavailable, the State made the decision to go to trial without the said witness and, therefore, announced to the Court that it was ready to proceed to trial on the drunk driving charge. In response to that announcement by the State, the defense moved for dismissal of the case, which said motion was granted by the trial court. The written Order of Dismissal was entered on December 21, 1984.

The State asserts that it was error for the Court below to have dismissed the charge when the State had announced ready for trial on a date that was still within the "speedy trial period".

We agree.

The fact that the State was willing to proceed to trial on November 14, 1984 without an important witness does not suggest that the sickness was not important enough to have justified the State asking for the earlier continuances and extensions of the "speedy trial period". Furthermore, the fact that the State was willing to proceed to trial, on November 14, 1984, without an important witness does not lessen the correctness of the trial Court's earlier orders which extended the "speedy trial period".

The fact remains that on November 14, 1984, a date that was still within the extended "speedy trial period", the State announced that it was ready to proceed to trial. Whether the State took this position because it anticipated that the trial Court would not again continue the case, or whether the State had re-evaluated its evidence based on the posture of the case is irrelevant. Those issues have not been raised or discussed in any Court by either parties.

The granting of the Motion to Dismiss and the discharge of this Defendant, which was done prior to the expiration of the "speedy trial period" was error. The State is entitled to its day in court, even if its day turns out to be the last day available for trial within the provisions of the "speedy trial rule". The decision of the State to proceed to trial without a particular witness is a decision that only the State can make.

144

The judgment of the trial Court below is hereby reversed, with this cause being remanded to the trial Court with directions to vacate the Order of Dismissal and the Order of Discharge and, furthermore, to forthwith set this cause for trial at the earliest possible date that is consistent with Rule 3.191 of the Florida Rules of Criminal Procedure.

REVERSED AND REMANDED.

SALMON and FULLER, JJ., concur.